IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCO ANNONI, on behalf of himself and others similarly situated,<br><br>    Plaintiff<br><br> v.<br><br>FYISMS.COM, LLC,<br><br>    Defendant. | Case No. 1:11-cv-1603<br>Honorable Gary Feinerman<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FYISMS.COM'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Oral Argument Requested) |

## Introduction

In this lawsuit, plaintiff alleges that FYIsms violated the Telephone Consumer Protection Act ("TCPA") when it purportedly sent plaintiff and other putative class members text messages using an automatic telephone dialing system ("ATDS"). To prevail on a claim under the TCPA, plaintiff must show that FYIsms sent unauthorized text messages using an ATDS. *See* 47 U.S.C. § 227(b)(1). This motion seeks summary judgment on the ground that the messages plaintiff received were not sent by an ATDS as required by the TCPA.

FYIsms does not use an ATDS. [Defs.' Stmt. of Undisputed Material Facts ("SOF"), ¶ 13.] FYIsms's equipment does not have the capacity to randomly or sequentially generate phone numbers. [*Id*. at ¶ 14.] Rather, FYIsms's equipment sends messages only to mobile numbers that users input into FYIsms's website. Accordingly, this Court should grant FYIsms's motion for summary judgment.

## Statement of Facts

FYIsms is a subscription-based premium text messaging service that sends text message

alerts to its registered members. [SOF, ¶ 5.] To subscribe to FYIsms's messaging service, a consumer must complete what is termed the "double opt-in process." [*Id*. at ¶ 6.] This process is a standard industry subscription method set forth by the Mobile Marketing Association. [*Id*. at ¶ 7.] It requires the consumer to use both the Internet and a mobile device to subscribe. Thus, any consumer wishing to receive message alerts from FYIsms must complete two steps. First, the consumer must enter his or her mobile number into the website. [*Id*. at ¶ 8.] If the consumer enters a landline number (as opposed to a mobile number), he or she will receive an error message, and will not be permitted to proceed. [*Id*. at ¶ 9.] After entering his or her mobile number into the website, the consumer receives a text message containing a PIN number specific to the consumer. [*Id*. at ¶ 10.] The consumer must enter this PIN number into a separate screen on the website before service may be activated. [*Id*. at ¶ 11.] These two affirmative steps to subscribe are entirely voluntary, and help ensure that text messages received are in response to a solicited request. [*Id*. at ¶ 12.]

When sending text messages to consumers, FYIsms does not use an ATDS. [*Id*. at ¶ 13.] The equipment FYIsms uses does not have the capacity to store or produce telephone numbers using a random or sequential number generator. [*Id*. at ¶ 14.] Rather, FYIsms's equipment can send messages only to mobile numbers that consumers input into FYIsms's website. [*Id*. at ¶ 15.]

On December 29, 2010, a user from IP address 173.202.226.157 visited FYIsms's site.[1] At 9:35:56 a.m., a user from this IP address entered phone number 573-665-3459 into the website. [*Id*. at ¶ 16.] Because this number is not a valid mobile number, the user received an error message. [*Id*. at ¶ 17.] Less than one minute after receiving the error message, at 9:36:16

---

[1] Plaintiff's counsel has thus far refused to confirm whether this IP address belongs to plaintiff. But this issue is immaterial to the current motion, which is based solely on the fact that FYIsms does not use an ATDS.

a.m., the user entered plaintiff's mobile number, 573-289-3459, into the website. [*Id*. at ¶ 18.] FYIsms then sent a unique text message to plaintiff's mobile phone, providing him with a password to complete the second step of the double opt-in process, along with subscription details. [*Id*. at ¶ 19.] When plaintiff failed to complete the second step, FYIsms sent him reminders over the course of two days. [*Id*. at ¶ 20.]

None of these messages was sent using an ATDS. [*Id*. at ¶ 22.] Plaintiff received text messages only because a user entered his mobile number into FYIsms's website, requesting FYIsms's messaging service. [*Id*. at ¶ 21.]

## **Argument**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Neither "the mere existence of some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), nor "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), will defeat summary judgment.

**I. PLAINTIFF'S CLAIM MUST FAIL BECAUSE FYISMS DOES NOT HAVE OR USE AN AUTOMATIC TELEPHONE DIALING SYSTEM.**

To succeed on his claim under the TCPA, plaintiff must prove that FYIsms (i) made a call to his wireless phone, (ii) without his prior express consent, (iii) using an ATDS. *See* 47 U.S.C. § 227(b)(1). Putting aside the consent issue for purposes of this motion, plaintiff has no basis for the allegation in his complaint that FYIsms sent him text messages using an ATDS. Indeed, FYIsms does not use an ATDS. [SOF, ¶ 13.]

Section 227(a)(1) of the TCPA defines an ATDS as "equipment which has the capacity to (A) store or produce telephone numbers to be called, using a random or sequential number

generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). Here, FYIsms's equipment does *not* have the capacity to randomly or sequentially generate numbers, let alone store or dial such numbers. [SOF, ¶ 14.] FYIsms can send messages only to those mobile numbers that a user inputs into FYIsms's webpage as step one of the double opt-in process in place for consumers to subscribe to FYIsms's text messaging service. [*Id*. at ¶ 15.] And that is exactly what happened here. Plaintiff's mobile number was entered into FYIsms's website by a user from the IP address 173.202.226.157. [*Id*. at ¶ 16–18.] All text messages at issue were sent to his cell phone in response to this request. [*Id*. at ¶ 21.] Plaintiff's mobile number was not randomly or sequentially generated by FYIsms's equipment—it was specifically entered into FYIsms's website, by a user from IP address 173.202.226.157, as step one of the double opt-in process. [*Id*.] Indeed, the text messages plaintiff received were personalized to him (containing a unique PIN number), not part of a "mass mailing." [SOF at ¶¶ 19, 21.]

Because FYIsms does not have or use an ATDS, plaintiff's claim fails. *See, e.g., Pugliese v. Prof'l Recovery Serv., Inc.*, No. 09-12262, 2010 U.S. Dist. LEXIS 64111, at * 21 (E.D. Mich. June 29, 2010) (granting defendants' motion for summary judgment where plaintiff failed to provide evidence that the phone calls in question came from an automated dialing system); *Pollock v. Island Arbitration & Mediation Inc.*, 869 N.Y.S.2d 740, 744–45 (2008) (plaintiff did not establish defendant used a dialing system that randomly or sequentially generated telephone numbers, where defendant used a client call list to call a specifically targeted group of numbers that were not randomly or sequentially generated).

## Conclusion

For the foregoing reasons, FYIsms's motion for summary judgment should be granted.

Dated: April 15, 2011  Respectfully submitted,

/s/ Brian A. Cabianca
Brian A. Cabianca (AZ Bar No. 016410)

SQUIRE, SANDERS & DEMPSEY (US) LLP
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
Telephone: (602) 528-4000
Facsimile: (602) 253-8129

Attorneys for Defendant FYIsms.com, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT was filed electronically this 15th day of April, 2011, and will be served on all counsel of record by operation of the court's e-mail notification system.

/s/ Brian A. Cabianca
   Brian A. Cabianca (AZ Bar No. 016410)

SQUIRE, SANDERS & DEMPSEY (US) LLP
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
Telephone: (602) 528-4000
Facsimile: (602) 253-8129

Attorney for Defendant FYIsms.com, LLC