IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCO ANNONI, on behalf of himself and others similarly situated,<br>    Plaintiff,<br><br>    v.<br><br>FYISMS.COM, LLC,<br>    Defendant. | 1:11-cv-1603<br><br>Honorable Gary Feinerman |

## REPLY IN SUPPORT OF DEFENDANT FYISMS'S MOTION FOR SUMMARY JUDGMENT

Plaintiff has not introduced a single fact contradicting FYIsms's motion for summary judgment. Instead, plaintiff relies on conclusory statements to make three legal arguments. But plaintiff's legal arguments are insufficient to overcome FYIsms's evidence, and thus summary judgment in FYIsms's favor is appropriate.

As FYIsms established in its motion, its equipment does not have the capacity to "store or produce telephone numbers to be called, *using a random or sequential number generator*," as required under the plain language of the Telephone Consumer Protection Act ("TCPA"). 47 U.S.C. § 227(b)(1) (emphasis added). Instead, its equipment sends messages only to mobile numbers that users input into FYIsms's website. [Def.'s Stmt. of Undisputed Material Facts ("SOF"), ¶¶ 14–15.]

Unable to dispute this—and indeed admitting that FYIsms's current equipment sends text messages only to phone numbers a customer inputs into FYIsms's website [Pls.'s Response to FYIsms's SOF ("RMF") at 10]—plaintiff argues that FYIsms's equipment falls within the TCPA's definition because it sends text messages to users in order (i.e., sequentially). But this is wholly different from using equipment that has the capacity to generate sequential telephone

numbers and thus cannot defeat summary judgment.

Plaintiff next argues that FYIsms's equipment has the "capacity" to generate sequential or random telephone numbers because it could theoretically do so if paired with some unwritten software code. But a plain reading of "capacity" dictates summary judgment in FYIsms's favor because it is undisputed that FYIsms's equipment does not have the current power or ability to generate random or sequential numbers.

Finally, plaintiff argues that the TCPA's definition of ATDS does not apply, and instead two Federal Communications Commission ("FCC") final orders control this case. But these FCC orders addressed "whether a predictive dialer constitutes an [ATDS]" and do not apply unless a predictive dialer is at issue. Here, there are no allegations—and certainly no facts supporting such allegations—that FYIsms has or uses a predictive dialer. Accordingly, the FCC orders are inapplicable, and the TCPA's definition of ATDS applies.

Summary judgment thus should be granted in FYIsms's favor without delay.

## I.
## ARGUMENT

### A.  FYIsms Does Not Have An ATDS As Defined By The TCPA.

To recover on a claim pursuant to 47 U.S.C. § 227(b)(1) of the TCPA, plaintiff must prove (among other things) that FYIsms sent him text messages using an ATDS. Section 227(a)(1) of the TCPA defines an ATDS as "equipment which has the capacity to (A) store or produce telephone numbers to be called, *using a random or sequential number generator*; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1) (emphasis added).

#### 1.  FYIsms's Equipment Cannot Randomly Or Sequentially Generate Numbers.

Plaintiff has not introduced a single fact to show that FYIsms's equipment has the capacity to randomly or sequentially generate numbers. Rather, "FYIsms's equipment does not

have the capacity to store or produce telephone numbers using a random or sequential number generator. . . . FYIsms can send messages only to mobile numbers that users input into its website . . . ." [SOF ¶¶ 14–15.] Indeed, plaintiff admits that FYIsms's current equipment sends text messages only to phone numbers that customers input into FYIsms's website. [RMF at 10.]

Plaintiff suggests, however, that FYIsms has a "sequential number generator" as set forth in the TCPA because FYIsms "sends text messages sequentially." [Opp. at 9.] FYIsms does not dispute that it sends text messages one at a time. But the plain language of the TCPA requires that telephone *numbers*—not text messages—be generated randomly or sequentially. 47 U.S.C. § 227(a)(1) (defining an ATDS as equipment that uses "a random or sequential *number* generator") (emphasis added); *see also Griffith v. Consumer Portfolio Serv., Inc.*, 2011 U.S. Dist. LEXIS 91231, at *6 (N.D. Ill. Aug. 16, 2011) ("As we understand these terms, 'random number generation' means random sequences of 10 digits, and 'sequential number generation' means (for example) (111) 111-1111, (111) 111-1112, and so on."). It is undisputed that FYIsms's equipment cannot do this and has not had the capacity to do this at any relevant time.

**2. FYIsms's Equipment Does Not Have The Capacity To Generate Random Or Sequential Numbers.**

Because plaintiff has no evidence that FYIsms's current equipment can generate random or sequential numbers, plaintiff next argues that FYIsms's equipment nonetheless has the "capacity" to do so. Plaintiff's argument is premised entirely on an unsupported reading of "capacity" as used in the TCPA as "the maximum that the equipment would be able to do, if the software were altered to do so." [Opp. at 10.]

But the plain meaning of "capacity" is much simpler: Capacity is "[t]he ability or power to do or experience something." Black's Law Dictionary, 8th ed. (2004). Thus, FYIsms's equipment does not have the capacity to store or produce numbers using a random or sequential

3

number generator because it does not have the current ability or power to generate random or sequential numbers. [SOF, ¶ 14.]

Plaintiff makes a convoluted argument that "capacity" refers to the "equipment" or hardware, and not "the system as a whole" [Opp. at 10], but the authority he cites for this interpretation disproves his argument. The very FCC orders on which plaintiff relies state that "hardware, *when paired with certain software*," has "the capacity" to store or produce numbers using a random or sequential number generator. [*Id.*, citing *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014 (July 3, 2003) ("2003 Order").] It follows that the hardware, when it is *not* paired with certain software (which it never has been), does *not* have the capacity to store or produce numbers using a random or sequential number generator.

The facts before this Court demonstrate that FYIsms's hardware (i.e, an off-the-shelf server) is *not* "paired with certain software." [RFM, Ex. 5 (FYIsms's Responses to Requests for Admission 41–44) (explaining that a computer programmer would have to create an entirely new software program by writing a set of coded instructions before FYIsms's equipment could generate random or sequential numbers).] And without that additional unwritten software, FYIsms's equipment simply does not have the capacity to generate random or sequential numbers. Accordingly, FYIsms's motion for summary judgment should be granted.

### 3. Plaintiff's Expert's Opinion Is Conclusory And Unfounded.

Plaintiff's purported expert, Randall Snyder, proffers the legal conclusion that "FYIsms maintains and operates an ATDS which has the capacity to store or produce cellular telephone numbers to be called, using a random or sequential number generator." [*See* Decl. of Randall Snyder ("Snyder Decl."), ¶ 5]. But this conclusory assertion is wholly unfounded and unhelpful. Despite the fact that FYIsms produced to plaintiff the software code constituting FYIsms's

4

"equipment," Mr. Snyder did not consider this or any other written discovery produced in this case in forming his opinions regarding the equipment's capabilities. Instead, Mr. Snyder did nothing more than review the pleadings and Mr. Perry's deposition in this matter. [*Id*. at ¶ 2.]

An expert may offer "scientific, technical, or other specialized knowledge" only if it "will assist the trier of fact to understand the evidence or to determine a fact in issue," *and* if "the testimony is based upon sufficient facts or data." Fed. R. Evid. 702. This Court must act as "gatekeeper" to ensure that Mr. Snyder's testimony is admissible under Rule 702. *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 147–49 (1999); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

First, a bare legal conclusion that "FYIsms maintains and operates an ATDS which has the capacity to store or produce cellular telephone numbers to be called, using a random or sequential number generator," does not help this Court understand the facts or determine whether FYIsms has an ATDS, and is inadmissible in any event. *In re Ocean Bank*, 481 F. Supp. 2d 892, 898 (N.D. Ill. 2007) ("Expert testimony as to legal conclusions that will determine the outcome of a case is inadmissible."); *see also Good Shepherd Manor Foundation v. City of Momence*, 323 F. 3d 557, 564 (7th Cir. 2003) (same).

Furthermore, Mr. Snyder's testimony is not based on sufficient facts or data to warrant admissibility. Mr. Snyder should not be permitted to opine about FYIsms's equipment where he has never seen the equipment; has never spoken to anyone at FYIsms about the equipment; has not reviewed the software code that constitutes "the equipment;" and has done nothing more than review the pleadings and a single deposition. [Snyder Decl., ¶ 2.] And during this single deposition that Mr. Snyder reviewed, plaintiff's counsel never once bothered to ask whether FYIsms's equipment could generate random or sequential telephone numbers. [*See generally*,

5

RFM, Ex. 1 (Perry Dep.).] Moreover, Mr. Snyder does not explain how he came to the conclusion that FYIsms's equipment uses a random or sequential number generator, what evidence he relied upon to come to that conclusion, or even what he means by the term "random or sequential number generator." [*Id*. at ¶ 31.]

In short, Mr. Snyder's unsupported legal conclusion is not evidence and is inadmissible. There is thus no genuine dispute of material fact as to whether FYIsms's equipment has the capacity to generate random or sequential numbers. It plainly does not, and summary judgment should be granted in FYIsms's favor.

B.      **The TCPA's Definition Of "ATDS" Applies To This Case.**

      1.      **The FCC's Order Applies Only To Predictive Dialers.**

Plaintiff's final argument is that the language of the TCPA does not actually apply to his TCPA claims and instead, two FCC orders provide the "correct standard." But each of the two orders plaintiff cites addressed a different question—namely, whether a "predictive dialer" constitutes an ATDS—and thus are inapplicable to this case.

"Although the Hobbs Act prevents the district court from considering the validity of final FCC orders, the court retains jurisdiction to determine whether the parties' actions violate FCC rules." *CE Design, Ltd. v. Prism Business Media, Inc.*, 606 F.3d 443, 446 (7th Cir. 2010). Thus, this Court must first determine whether the FCC orders apply to this case at all. They do not.

In July 2003, the FCC released a Report and Order addressing, among other things, whether "predictive dialers" fall under the TCPA's restrictions. 2003 Order, 18 FCC Rcd 14014. After examining the legislative history of the TCPA, the FCC specifically concluded that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment.'" *Id*. at 14093. In 2008, the FCC "affirm[ed] that a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restrictions on the use of

6

autodialers." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008) ("2008 Order"). It did not consider any equipment other than a predictive dialer. *Id*.; *cf*. Opp. at 5.

According to the FCC, "[a] predictive dialer is an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that 'predicts' the time when a consumer will answer the phone and a telemarketer will be available to take the call." 18 FCC Rcd at 14022 n.31. "Predictive dialers, which initiate phone calls while telemarketers are talking to other consumers, frequently abandon calls before a telemarketer is free to take the next call." *Id*. at 14022.

Neither the 2003 nor the 2008 order holds, as plaintiff broadly argues, that "any equipment that has the capacity to dial numbers without human intervention falls within the TCPA's reach." [Opp. at 4.] In both the 2003 and 2008 FCC Orders, the FCC was faced only with whether a predictive dialer—as defined above—falls within the TPCA's reach. The FCC's orders are accordingly limited to predictive dialers.

## 2. FYIsms Does Not Have A Predictive Dialer.

Here, the FCC Orders do not apply because FYIsms does not have a predictive dialer. Given that FYIsms sends text messages and does not make telephone calls, FYIsms plainly does not have "an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that 'predicts' the time when a consumer will answer the phone and a telemarketer will be available to take the call." 2003 Order, 18 FCC Rcd at 14022 n.31. A dialer—predictive or otherwise—is a separate piece of equipment that FYIsms simply does not have or use. Rather, FYIsms utilizes only an off-the-shelf server and software developed in-house to send text messages solely to customers who have inputted their mobile numbers into FYIsms's website. [SOF, ¶¶ 14–15; RFM, Ex. 1 (Perry Dep.) at 41:11–42:6.]

Moreover, unlike a predictive dialer, FYIsms does not dial telephone numbers at all. [*See* RFM, Ex. 1 (Perry Dep.) at 28:20–29:3.] In fact, FYIsms's equipment does not place calls (or send messages) directly to individuals like plaintiff. Rather, FYIsms creates messages and sends those messages to third parties, called aggregators, who then send the messages to the customers' wireless carriers. The wireless carriers actually send the messages to the cellular subscribers. [*See* RFM, Ex. 1 (Perry Dep.) at 14:22–15:7, 30:20–31:6.]

For these same reasons, *Griffith*, 2011 U.S. Dist. LEXIS 91231, is likewise inapposite. In that case, defendant maintained a "dialer" manufactured by a third party, which automatically placed calls to defendants' customers. Using its dialer, defendant conducted "dialing campaigns," calling multiple customers at a given time. *Id*. at *2. The dialer called telephone numbers at the "predictive dialing rate" set by the supervisor. It then determined whether a call was answered by a customer, and if so, routed the call back to defendant's computer system, which forwarded the call to an available person. *Id*. at *3–4. Based on these facts, the court applied the FCC orders and concluded that defendants' *predictive dialer* constituted an ATDS. *Id*. at *11. This case is unhelpful here, where FYIsms does not have a predictive dialer.

Because the FCC orders governing predictive dialers are inapplicable to this case, the TCPA's definition of ATDS governs and, for the reasons discussed above, this definition does not encompass FYIsms's equipment. Accordingly, FYIsms's motion for summary judgment should be granted.

C. **Plaintiff Is Not Entitled To Summary Judgment.**

Plaintiff argues, in a footnote, that "if this Court finds that FYI has waived one-way intervention by moving for summary judgment before class certification has been decided," summary judgment ought to be entered in his favor. [Opp. at 2 n.2.] To begin, arguments raised in passing in a footnote are deemed waived. *United States v. White*, 879 F.2d 1509, 1513 (7th

8

Cir. 1989) (an issue is waived where a party "fail[s] to raise [the] issue other than by a passing reference in a footnote").

Moreover, the waiver of one-way intervention has nothing to do with whether plaintiff is entitled to summary judgment. "One-way intervention" simply refers to the practice before Federal Rule of Civil Procedure 23 was modified, whereby a potential plaintiff could await resolution of the merits before deciding whether or not to join the suit. *See Roberts v. American Airlines, Inc.*, 526 F.2d 757, 763 (7th Cir. 1975). While it is true that summary judgment against the named plaintiffs before class certification may not protect the defendant against other members of the class under res judicata principles, *id.*, one-way intervention says nothing about whether plaintiff is entitled to summary judgment himself.

Furthermore, to the extent the Court views plaintiff's footnote as a cross-motion for summary judgment, FYIsms respectfully requests that it be permitted to fully oppose the motion and offer additional evidence that, among other things, FYIsms's equipment does not have the capacity to "dial" numbers—the second prong of the TCPA's definition of an ATDS. *See* 47 U.S.C. § 227(b)(i) (defining ATDS as "equipment which has the capacity to (A) store or produce telephone numbers to be called, using a random or sequential number generator; and (b) *to dial such numbers*") (emphasis added).

## Conclusion

FYIsms's equipment cannot generate random or sequential numbers and is therefore not an ATDS as defined by the TCPA. Because FYIsms does not use a predictive dialer, the FCC's orders regarding predictive dialers are inapplicable to the facts of this case and the TCPA's

/ / /

definition governs.  For these reasons and those set forth above, FYIsms's motion for summary judgment should be granted.

| | |
|---|---|
| Dated:  December 16, 2011 | /s/ Alison E. Klingel<br>Brian A. Cabianca (AZ Bar No. 016410)<br>Alison E. Klingel (CA Bar No. 258194)<br>SQUIRE, SANDERS & DEMPSEY (US) LLP<br>1 East Washington Street, Suite 2700<br>Phoenix, Arizona  85004-2556<br>Telephone: (602) 528-4000<br>Facsimile:  (602) 253-8129<br>Email:  brian.cabianca@ssd.com<br>Email:  alison.klingel@ssd.com<br><br>*Attorneys for Defendant FYIsms.com, LLC* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT was filed electronically this 16th day of December, 2011, and will be served on all counsel of record by operation of the court's e-mail notification system.

/s/ Alison E. Klingel
Brian A. Cabianca (AZ Bar No. 016410)
Alison E. Klingel (CA Bar No. 258194)
SQUIRE, SANDERS & DEMPSEY (US) LLP
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004-2556
Telephone: (602) 528-4000
Facsimile: (602) 253-8129
Email: brian.cabianca@ssd.com
Email: alison.klingel@ssd.com

*Attorneys for Defendant FYIsms.com, LLC*