IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCO ANNONI, on behalf of himself and others similarly situated, | ) ) | 1:11-cv-1603 |
| Plaintiff, | ) ) | |
| | ) | Judge Feinerman |
| v. | ) ) | |
| FYISMS.COM, LLC, | ) | |
| Defendant. | ) ) | JURY DEMANDED |

## JOINT STATUS REPORT

**A.** **Nature of the Case**

**1.** **Attorney of record and lead trial counsel for each party.**

Alexander H. Burke, of Burke Law Offices, LLC, is attorney of record and lead trial counsel for plaintiff.

Brian A. Cabianca, Alison E. Klingel, and Sharon Sirott, of Squire Sanders (US) LLP, are attorneys of record for defendant; Brian Cabianca is lead trial counsel.

**2.** **Basis for federal jurisdiction.**

This Court has federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

**3.** **Nature of the claim(s), including the amount of damages and other relief sought.**

a. Plaintiff's Statement of His Claims:

Plaintiff claims that defendant FYIsms violated the Telephone Consumer Protection Act ("TCPA") when it sent plaintiff and other putative class members unsolicited text messages. Specifically, plaintiff seeks to certify a class based upon persons who never completed FYIsms's registration process and were sent a confirmation text message after they requested that text

1

messages stop. Plaintiff seeks on behalf of himself and putative class members between $500 and $1,500 for each allegedly unsolicited text, as well as an injunction prohibiting FYIsms from sending such messages.

b. **Defendant's Statement of Its Defenses:**

Defendant denies that it violated the TCPA and has moved for summary judgment. Defendant asserts that it sends text messages only to mobile numbers that users input into FYIsms's website. Accordingly, each putative class member consented to receiving text messages from FYIsms. And the confirmation text message of which plaintiff complains is actually mandated by the Mobile Marketing Association Guidelines set by the industry and the wireless carriers. Moreover, defendant asserts that it did not send any text messages using an automatic telephone dialing system ("ATDS") and thus did not violate the TCPA.

**4.  Defendant's answer or other pleading in response to complaint.**

On April 13, 2011, defendant moved to dismiss plaintiff's complaint. On May 11, 2011, plaintiff filed an amended complaint, which defendant answered on June 2, 2011.

**5.  Principle legal and factual issues.**

On April 15, 2011, defendant filed a motion for summary judgment on the discrete issue that it did not violate the TCPA because it did not send plaintiff text messages using an automatic telephone dialing system ("ATDS"). Specifically, defendant claims that its equipment does not have the capacity to store or produce numbers using a random or sequential number generator.

If defendant's motion for summary judgment is granted, this case will be dismissed. If defendant's motion is denied, both parties agree that the principle legal and factual issues will include: (1) whether plaintiff's claims are appropriate for class certification; and (2) damages, including whether defendant's alleged violations were willful pursuant to 47 U.S.C. § 312(f).

Defendant also contends that additional principle legal and factual issues will include without limitation: (3) whether plaintiff and each individual putative class member consented to receiving text messages from defendant; (4) whether defendant's equipment has the capacity to "dial" numbers, as required under the TCPA; (5) whether the TCPA was intended to prohibit FYIsms from following industry guidelines mandating a confirmation text message; and (6) whether some class members' claims are barred by the class action settlement and Final Order and Judgment entered on January 11, 2011, in *Walker v. OpenMarket, Inc., et al.*, Case No. 08-CH-40592, in the Circuit Court of Cook County, Illinois.

Plaintiff contends that the issue of consent is determinable on a class-wide basis because each person demanded that text messages stop just moments before the contested text message was sent. Defendant's position is that by voluntarily entering his or her mobile phone number on defendant's website, each member of the putative class consented to receiving text messages related to the website on that mobile phone.

   **6.  Service of process.**

The only defendant in this case, FYIsms.com, LLC, has been served with process.

**B.  Proceedings to Date**

   **1.  Summary of all substantive rulings to date.**

On June 23, 2011, plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 56(d), seeking additional time to take discovery in opposition to defendant's motion for summary judgment. This Court, on August 15, 2011, granted plaintiff an additional three months to (i) "complete discovery regarding whether the equipment/system that Defendant FYIsms.com, LLC used to send text messages to Plaintiff is an automatic telephone dialing system" under 47 U.S.C. § 227(a)(1); and (ii) to obtain an expert report regarding Defendant's equipment/system." The Court's August 15, 2011 Order also required Defendant to answer plaintiff's Requests for

Admission Nos. 41–44 as drafted by Plaintiff.

This Court also entered a protective order at the parties' request on October 11, 2011.

### 2. Description of all pending motions.

Defendant's motion for summary judgment, which was filed on April 13, 2011, has been fully briefed and is ripe for decision. Plaintiff opposed defendant's motion on November 15, 2011. Defendant filed a reply on December 16, 2011.

Also pending before this Court is plaintiff's motion for class certification, which he filed on March 21, 2011. The Court entered and continued this motion; a briefing schedule has not been set.

## C. Discovery and Case Plan

### 1. Summary of discovery that has already occurred.

Plaintiff has deposed two representatives of FYIsms and has propounded written discovery regarding whether defendant's equipment constitutes an ATDS. Additionally, plaintiff retained an expert and submitted an expert declaration in conjunction with his opposition to defendant's motion for summary judgment.

Defendant contends that plaintiff has not submitted any expert disclosures or report. Also, defendant has requested on numerous occasions that plaintiff provide his IP address during the time period covered in the complaint. Defendant maintains that plaintiff has not done so. Defendant has not conducted any formal discovery.

The parties disagree on defendant's characterization of discovery above. Plaintiff contends that he submitted his expert report along with his opposition to FYIsms's motion for summary judgment. And plaintiff contends that the affidavit submitted in response to FYIsms's motion for summary judgment demonstrates both (1) that he does not know what his IP address was during the time period of the complaint, and (2) that he did not sign up for FYIsms's service.

**2.     Whether discovery will encompass electronically stored information and the parties' plan to ensure such discovery proceeds appropriately.**

Discovery will likely encompass electronically stored information. The parties plan to comply with their obligations under the Federal Rules of Civil Procedure and will work together to ensure any electronically stored information is produced in a reasonably usable format.

**3.     Proposed scheduling order.**

    a.     Deadline for Rule 26(a)(1) disclosures, or why Rule 26(a)(1) disclosures are not appropriate.

Rule 26(a)(1) disclosures should be made by March 15, 2012.

    b.     Deadline for issuing written discovery requests.

See below, section d.

    c.     Deadline for completing fact discovery.

See below, section d.

    d.     Whether discovery should proceed in phases.

The parties disagree about how discovery should proceed.

Defendant believes discovery should proceed in two phases. First, plaintiff should conduct class discovery, and class certification should be fully briefed and decided before any more merits discovery. Class discovery shall be completed by September 10, 2012. Defendant will respond to plaintiff's motion for class certification by October 1, 2012. Plaintiff's reply in support of his motion for class certification shall be filed by October 22, 2012. Only if plaintiff is able to certify a class should substantive fact discovery proceed. Merits discovery should be completed by May 1, 2013. Any written discovery requests should be issued at least 40 days before the close of fact discovery.

Plaintiff contends that all discovery should proceed, particularly where, as here, defendant has already moved for summary judgment on the merits. Plaintiff suggests that the

5

parties will need approximately four months to complete all discovery.

      e.      Whether expert discovery is contemplated and, if so, deadlines for Rule 26(a)(2) disclosures and expert depositions.

Defendant contends that expert discovery is contemplated. If plaintiff is able to certify a class, defendant suggests that both parties make Rule 26(a)(2) disclosures by January 2013. Expert depositions shall be completed by April 22, 2013.

Plaintiff suggests that defendant's expert disclosure, if any, be made by March 31, 2012.

      f.      Deadline for amending the pleadings.

Defendant suggests that the deadline for amending pleadings be two weeks after the Court decides defendant's pending motion for summary judgment.

Plaintiff suggests that the date for amending pleadings be April 15, 2012.

      g.      Deadline for filing dispositive motions.

All dispositive motions shall be filed by June 28, 2013.

**4.    Whether there has been a jury demand.**

Both parties have demanded a jury.

**5.    Estimated length of trial.**

Defendant believes trial will be twenty-five trial days.

Plaintiff believes trial will take four days.

**D.    <u>Settlement</u>**

**1.    Settlement discussions to date and whether those discussions remain ongoing.**

The parties have engaged in informal settlement discussions and will continue to do so. Plaintiff has asked informally and in formal discovery requests for the number of class members and a description of defendant's financial ability to pay before engaging in further settlement discussions. Defendant asserts it has provided plaintiff with the number of potential class

6

members, but has not provided its financial information.

### 2. Whether the parties request a settlement conference.

The parties do not request a settlement conference at this time.

### E. Magistrate Judge

### 1. Whether the parties consent to proceed before a magistrate judge for all purposes.

The parties do not consent to proceed before a magistrate judge for all purposes.

### 2. Any particular matters already referred to the magistrate judge.

No matters have been referred to the magistrate judge.

RESPECTFULLY SUBMITTED this 13th day of February, 2012.

| | |
|---|---|
| */s/ Alexander H. Burke* (with permission) | */s/ Alison E. Klingel* |
| Alexander H. Burke | Brian A. Cabianca |
| ABurke@BurkeLawLLC.com | Brian.Cabianca@squiresanders.com |
| Burke Law Offices, LLC | Alison E. Klingel |
| 155 N. Michigan Ave., Suite 9020 | Alison.Klingel@squiresanders.com |
| Chicago, IL 60601 | Squire Sanders (US) LLP |
| (312) 729-5288 | 1 E. Washington St., Suite 2700 |
| (312) 729-5289 (fax) | Phoenix, Arizona 85004 |
| | (602) 528-4000 |
| *Attorney for Plaintiff* | *Attorneys for Defendant, FYIsms.com, LLC* |